IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------X
                                      :
MAGELLAN HEALTH SERVICES, INC.        :        3:12 CV 1250 (JBA)
                                      :
V.                                    :
                                      :
CDMI, LLC ET AL.                      :        DATE: JUNE 27, 2013
                                      :
-------------------------------------------------------X
```

RULING ON ELECTRONICALLY STORED INFORMATION  ["ESI"]

The factual and procedural history behind this litigation has been set forth in considerable detail in this Magistrate Judge's Ruling on Discovery Issue, filed May 29, 2013 (Dkt. #61)["May 2013 Ruling"], familiarity with which is presumed.  Under the Scheduling Order, filed by U.S. District Judge Janet Bond Arterton on November 13, 2012 (Dkt. #31), all discovery is to be completed by August 31, 2013, and all dispositive motions are to be filed by September 30, 2013.  On April 16, 2013, Judge Arterton referred the file to this Magistrate Judge to supervise discovery.  (Dkt. #54; see also Dkt. #53).

On June 12, 2013, counsel advised the Court by letter of an impending discovery dispute with respect to discovery of electronically stored information ["ESI"], following which both counsel forwarded letters to this Magistrate Judge on June 19, 2013.[1]  Counsel were unable to reach an amicable resolution of this discovery dispute.  (See also Dkts. ##62-65).[2]

As set forth in the June 19th Letters and attachments, plaintiff seeks 435 different

---

[1]Attached as Exh. 1 to defendants' letter is a chart regarding  plaintiff's proposed ESI search terms, and as Exh. 2 is a chart regarding defendants' proposed ESI search terms.

If any party files an Objection to this discovery ruling, then the three letters will be docketed on CM/ECF.

[2]While each side was willing to make some concessions, an agreement could only be reached if both sides agreed to the opposing side's concessions, which did not happen.

Case 3:12-cv-01250-JAM   Document 66   Filed 06/27/13   Page 2 of 5

proposed search terms from defendants from nine designated custodians, which would produce 50,201 e-mails and 6,140 other documents, constituting fifty-two percent of CDMI's total ESI.  As described by counsel, "the vast majority of [plaintiff's] 435 proposed search terms identify the different health plans, pharmaceutical manufacturers, and drug formularies that are or were involved in [plaintiff's] specialty rebate business activities." Defendants have proposed that plaintiff's ESI search from them be limited to 118 terms that they describe as "potentially relevant[,]" in particular, any health plans, pharmaceutical manufacturers, and drug formularies identified in the parties' discovery requests, related to any of the fact allegations in the pleadings, or related to any of the additional factual contentions in the parties' Rule 26(a)(1) damages disclosure.[3]  During the June 21, 2013 telephonic discovery conference (Dkt. #63), defense counsel represented that these 118 search terms had 37,514 hits.  Plaintiff disagrees with these limitations, arguing that it is "unlikely" that defendants will generate "false hits[,]" and there may have been improper conduct by defendants with respect to health plans, pharmaceutical manufacturers, and drug formularies about which plaintiff does not presently know.   During the June 21, 2013 telephonic status conference, plaintiff's counsel indicated that the term "Specialty" by itself generated 6,224 e-mails.[4]

With respect to defendants' counterclaims, defendants seek eight categories of documents,[5] which would require plaintiff to review 92,112 documents.  Limiting the ESI search to the first three categories, however, produces a "hit" of 13,412 documents, which plaintiff is willing to review for relevancy and/or privilege.  Plaintiff proposes that it run the

---

[3]Defendants' Exh. 1-A highlights the terms which they have agreed to search.

[4]Defendants' Exh. 1-A indicates that term generated 13,067 e-mails with history, 1,638 non-e-mail documents, and 1,981 non-e-mail documents with history.

[5]These search terms are found in defendants' Exh. 2.

first three categories, and then "consider additional proposed searches to the extent warranted by information learned through discovery."  The other 78,700 documents pertain to Categories ##4 to 8.   During the June 25, 2013 telephonic discovery conference (Dkt. #65), plaintiff's counsel represented that Categories Nos. 6-7 had 22,000 "non-unique documents." Plaintiff's counsel suggested that counsel wait until some depositions have been held before concluding whether Categories Nos. 6-7 are necessary.

Defendants object to this limitation, arguing that the 92,112 documents constitute only 7.5% of plaintiff's roughly 1.2 million ESI documents.   They also argue that Kazi Hassan's departure from plaintiff is a "critical issue" in this litigation, and that Ralph Pisano is a "key witness[.]"  Both counsel agreed that Category No. 7, regarding Pisano, caused the greatest dispute between counsel.

During the June 21, 2013 telephonic discovery conference, plaintiff's counsel represented that after he ran a computer search for Categories Nos. 4-8, and excluded the documents that were already covered by Categories Nos. 1-3, he reviewed  one hundred documents as a sample, and none were responsive.

First, with respect to plaintiff's ESI search terms directed to defendants, the Magistrate Judge agrees that as an initial search, defendants need only search the 118 terms (as to which they agreed), which will generate 37,514 "hits."  In addition, plaintiff is entitled to the search term "specialty," which could generate an additional 15,048 "hits."  Counsel shall confer with one another, in good faith, to determine if adding a small number of nearby search terms to "speciality" will reduce this number of hits to a more reasonable number. As discovery progresses, if circumstances warrant, plaintiff may request, at that time, additional ESI searches.

3

Second, with respect to defendants' ESI search terms directed to plaintiff, the Magistrate Judge agrees that as an initial search, plaintiff shall search Categories Nos. 1-3 (as to which it agreed), which will generate 13,412 documents.  In addition, counsel shall confer with one another, in good faith, to more narrowly tailor Categories Nos. 6-7, perhaps by eliminating some common words (like hire!, leav!, quit!, george, james, and jim) that may be causing these two searches to generate 22,000 "hits," again with a view to reduce this to a more reasonable number.  And again, as discovery progresses, if circumstances warrant, defendants may request, at that time, additional ESI searches.

At the conclusion of the June 25, 2013 telephonic discovery conference, both counsel suggested that they will attempt to agree upon a schedule for completion of document production.  **On or before July 19, 2013**, counsel shall submit to this Magistrate Judge's Chambers either (a) a stipulated schedule for the completion of discovery, or, in the absence of an agreement, (b) letters that set forth each side's proposed schedule.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

4

Dated at New Haven, Connecticut, this 27th day of June, 2013.


  /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge